UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TIM H. OIEN, | ) | Case No. 07 B 8526 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| REGIS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Case No. 07 A 1058 |
| | ) | |
| TIM H. OIEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this matter, the plaintiff, Regis Technologies, Inc. ("Regis") moves for leave to amend its adversary complaint against the debtor and defendant herein, Tim H. Oien ("Oien"). For the reasons stated below, leave to amend the complaint is granted as to Counts I and III of the proposed amended complaint; the motion is denied as to the other counts. The plaintiff may proceed only on Counts I and III of the amended complaint.

## I. JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

## BACKGROUND

Oien filed for chapter 7 bankruptcy relief on May 10, 2007. In his schedules, Oien listed

Regis as a creditor. Regis subsequently filed a timely claim for $112,648.60. After filing its proof of claim, Regis commenced an adversary complaint that is the basis of this matter. The complaint contains one count for "Violation of 11 U.S.C. § 727(a)(4)(A)" and seeks to deny Oien's discharge in bankruptcy, a judgment for the amount of Regis' claim, punitive damages, costs, interest, attorney fees, and "other relief that is just and equitable."

The adversary complaint focuses upon Oien's relationship with Scenic View, Inc. ("Scenic View"), an Illinois corporation involved in construction of artistic scenery for set designs used in theatrical performances. Regis alleges that Oien testified at the creditors' meeting for his bankruptcy case that he was an officer of Scenic View until sometime in February 2007.[1] Oien allegedly further testified that Scenic View ceased operations on a Friday in February and, on the following Monday, a new company named SVI Themed Construction Solutions, Inc. ("SVI") began operating at the same location where Scenic View previously operated. Regis alleges that SVI is the same company as Scenic View; it has the same clients as Scenic View and that it filed with the State of Illinois the assumed name of "Scenic View." At his meeting of creditors, Oien testified that he was not an owner, officer, director, or manager of SVI. However, SVI's website listed Oien as a partner of SVI and directs all inquiries to Oien. Additionally, in his petition, where asked to list the debtor's interests in all businesses where the debtor is "an officer, director, partner, or managing executive of a corporation, [or] partner in a partnership," Oien only listed Scenic View from January 1991 through February 2007. (*See* Chapter 7 Voluntary Petition, Statement of Financial Affairs, Question #18, Case No. 07-BK-08526, Dkt. No. 1, Pg. 30 (May 10, 2007)). SVI was not listed. (*See id.*). Based on this information, Regis brought an adversary complaint against Oien alleging that he

---

[1]The meeting of creditors in a bankruptcy case is held pursuant to 11 U.S.C. § 341.

2

provided false oaths in violation of 11 U.S.C. § 727(a)(4)(A) in connection with Oien's answer to statements in his bankruptcy petition and at his meeting of creditors. Oien filed an Answer to Oien's complaint and moved for summary judgment.

Regis now seeks to amend its complaint. Its proposed amended complaint adds additional defendants: Albany Bank & Trust ("Albany Bank"), Scenic View, SVI, S-K Associates, S-K Partners, Ltd. (together "S-K companies"), and Paulette Kirschner ("Kirschner"); and adds four additional counts for violations of 11 U.S.C. §§ 523(a), 727(a)(3), civil conspiracy, and unjust enrichment.[2] The amended complaint is based on new facts learned from records subpoenaed from Scenic View and SVI. In response to the subpoena, Scenic View stated that "[t]he computers that held this information have been sold, destroyed, or are unable to be located, and no proper documents currently exists. As such, there are no documents responsive to this request. Investigation continues." (*See generaly* SV6115 Inc.'s [Scenic View] Response to Subpoena Requests, attached as Ex. 4 to First Amended Compl., attached as Ex. 2 to Motion to Amend, Case No. 07-AP-01058, Dkt. No. 58 (March 5, 2009)). Other facts Regis learned through discovery support its claim in the original complaint. Mainly, Regis states it found documents containing evidence that Oien was responsible for filing SVI's taxes.

Discovery may have also uncovered evidence of certain transactions. Regis alleges that Scenic View and Albany Bank executed a note for $450,000.00 on March 16, 2006. The collateral for this note was a contract between Scenic View and James McHugh Construction Company. The

---

[2] Scenic View was added as a defendant, however at the time of filing the motion for leave to amend the complaint, Scenic View no longer existed.

3

note was signed by Oien and Marc Shellist, another alleged principal of Scenic View.[3] On December 4, 2006, and December 5, 2006, Regis alleges that Scenic View executed two additional notes with Albany Bank, for $50,000.00 and $100,000.00 and alleges that Oien was insolvent when entering into these financing agreements on behalf of Scenic View. Oien lists Albany Bank as a claimant for guaranty for business loans of Scenic View in the amount of $822,849.78 on his bankruptcy schedules.

Also added to the complaint are claims against Kirschner and the S-K Companies. The relevant allegations of the complaint plead that S-K Associates is a business affiliated with S-K Partners, Ltd., and that Kirschner is owner or partner of both of them. The complaint also alleges that Kirschner is the secretary of SVI.

## III. DISCUSSION

Oien objects to Regis' motion to amend the complaint. Specifically, Oien argues that the additional allegations contained in the amended complaint do not "relate back" to the original complaint as required by Federal Rule of Civil Procedure 15(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7015. Regis disagrees and argues that the additional allegations do relate back.

Fed. R. Bankr. P. 4004(a) sets a bar to the filing of complaints objecting to discharge at "no later than 60 days after the first date for the meeting of creditors under § 341(a)" Fed. R. Bankr. P. 4004(a); *In re Fidanovski*, 347 B.R. 343, 346 (Bankr. N.D. Ill. 2006). The same deadline applies to adding new claims to an objection to discharge. *Fidanovski*, 347 B.R. at 346. The deadline to file

---

[3]Shellist obtained a chapter 7 bankruptcy discharge on December 19, 2007. (*See* Order of Discharge, Case No. 07-BK-08527, Dkt. No. 41).

4

a complaint objecting to discharge expired November 15, 2007 after an order extending the original deadline expired. (*See* Order Granting Motion to Extend Time to File Obj., Case No. 07-BK-08526, Dkt. No. 38 (October 16, 2007)). Since this deadline has expired, Regis' new claims must "relate back" to its original complaint.

For an amended pleading to relate back under Rule 15(c), it must state a claim that arises from the same conduct, transaction, or occurrence. *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005). Such a link arises where the amended complaint "asserts a new claim on the basis of the same core of operative facts." *Fidanovski*, 347 B.R. at 347 (quoting *Bularz v. Prudential Ins. Co.*, 93 F.3d 372, 379 (7th Cir. 1996)). An amendment is allowed if "the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading." *Id.* (quoting *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001)).

Regis argues that the Seventh Circuit's ruling in *In re Unroe*, 937 F.2d 364 (7th Cir. 1991), allows this Court to permit the proposed amendments based on its equitable power under 11 U.S.C. § 105. In *Unroe*, a chapter 13 debtor's plan of reorganization provided for payments of the Internal Revenue Service's claims for the tax years 1982 and 1983. The IRS timely filed a claim for the debtor's 1982 tax year liability; the IRS claim for the debtor's 1983 tax year liability was filed past the deadline. The Circuit affirmed the use of § 105 to allow the late filing in that instance. The IRS claimed not more than what the debtor provided for in the plan. Here, Regis wants to use § 105 to achieve something that is not otherwise valid or available, a situation involving different facts and circumstances.

However, the Seventh Circuit in *Disch v. Rasmussen*, 417 F.3d 769 (7th Cir. 2005), affirmed a bankruptcy court's decision allowing a creditor to proceed on a § 727 action first filed during trial

5

as an amendment to an adversary complaint seeking relief under § 523, long after the deadline for objecting to a discharge under § 727 expired. The creditor's § 523 action alleged that the defendant obtained loans from the plaintiff through the debtor's dishonesty, involving defalcation or embezzlement, and for willful and malicious injury to the creditor through embezzlement and conversion, actions that prevent dischargeability of specific debts, not the overall discharge for all debts. The *Disch*, 417 F.3d at 774. *Disch* held that the debtor was not prejudiced by the amendment during trial as she had ample notice that she would have to account for what happened with the loan proceeds. The Circuit held that the plaintiff's § 727 claim arose from the same conduct, transactions, and occurrences as his § 523 claim. *Id.* at 776.

Regis argues that Count III of its amended complaint relates back to its original complaint. It argues that Scenic View's response to discovery requests stating that it has essentially rid itself of computers containing information requested in the subpoena creates an action under § 727(a)(3). Section 727(a)(3) denies a discharge for destroying or failure to keep or preserve records "from which the debtor's financial condition or business transactions might be ascertained." 11 U.S.C. § 727(a)(3). Scenic View's response to the subpoena does relate back to Regis' original complaint. Although Scenic View is not the debtor in this case, Scenic View's answers to the subpoena requests cast umbrage on Scenic View's operations which Oien was responsible for as Scenic View's President. Scenic View's computers and records may have contained information regarding the involvement of Scenic View's principals in the alleged successor company, SVI. As in *Disch*, Oien knows based on the subpoena requests that he has to account for Scenic View's records. Therefore, it sufficiently relates back to the complaint against Oien for purposes of Rule 15 because Oien was

Scenic View's president and as such may have been responsible.[4]

Counts IV and V of the amended complaint also do not relate back to the original complaint. Count IV is a civil conspiracy claim that alleges that the defendants conspired with each other to defraud Regis and engaged in numerous acts of fraud. Count V is a claim for unjust enrichment and avers that the defendants were unjustly enriched by fraud committed by the defendants.[5] In its motion, Regis argues that the defendants conspired with each other for the benefit of each other by engaging in a scheme where Oien and Shellist enforced certain liens in Albany Bank's favor using assets of Scenic View. The amended complaint provides no such allegations or provides any facts that could indicate fraud. Even if it did, these facts do not constitute the same set of facts as contained in the original complaint. The original complaint alleges that Oien made a false oath by stating that he was not an owner, officer, or partner in SVI. The events alleged in Regis' motion tend to relate to facts different from those pled in the original complaint and are not part of the same core of operative facts alleged in the original complaint. Counts IV and V do not relate back for purposes of Rule 15.

There is an additional reason to deny Regis' motion to amend its complaint regarding its civil conspiracy and unjust enrichment allegations. Leave to amend a complaint will be denied when such efforts would be futile and could not withstand a motion to dismiss. *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). Fed. R. Civ. P. 8(a), made applicable by Fed. R. Bankr. P. 7008,

---

[4]On May 29, 2008, Oien moved to quash subpoenas served on SV6115, Inc. (Scenic View) and SVI. (*See* Mots. to Quash, Case No. 07-AP-01058, Dkt. Nos. 11 & 12 (May 29, 2008)). Each motion was denied on July 10, 2008. Oien's assertion of those companies' legal rights may be some proof of his responsibility for their subpoena responses or failure to respond.

[5]The proposed amended complaint does not specify which parties Counts IV and V are directed against.

7

generally requires that the complaint provide the defendant with "fair notice of what the... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original). "The plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." *Id.* "Plaintiffs need not plead facts... but they must give enough detail to illuminate the nature of the claims and allow defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Further, allegations containing claims of fraud must be pled under the standards of Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009, requiring that "the circumstances constituting fraud or mistake shall be stated with particularity." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (quoting Fed. R. Civ. P. 9(b)). Allegations of fraud require facts supporting the allegations. *Id.*

Count IV of the amended complaint alleges that "[t]he defendants conspired together and with other persons and entities to defraud Regis in order to gain access to funds rightly belonging to Regis." (First Amended Compl. at 12, ¶ 56, attached as Ex. 2 to Motion to Amend, Case No. 07-AP-01058, Dkt. No. 58). Count V makes a similar conclusory claim alleging fraud. Both counts fail to eplain how any fraud was committed. Nowhere in the complaint does it state facts pertaining to any alleged fraud. In fact, looking at the complaint, it cannot be determined what role the added defendants had in any fraudulent activity. For example, the complaint names the S-K companies but only states that they are a business and that they hold a claim against the debtor. According to the complaint, Kirschner is a principle of the S-K companies. The only other allegation pertaining to Kirschner is that she sent Oien an email on April 11, 2007 advising him to make a payment on a home equity loan. (First Amended Compl. at 9, ¶ 37, attached as Ex. 2 to Motion to Amend, Case

No. 07-AP-01058, Dkt. No. 58). It is unclear how this email indicates fraudulent activity by any of the parties.

Count II also states a futile claim that cannot stand. Count II seeks an exception from discharge under 11 U.S.C. 523(a). Section 523(a), particularly 523(a)(2)(A), states that "[a] discharge under 727... of this title does not discharge an individual debtor from any debt - (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent *obtained*, by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. 523(a)(2)(A) (emphasis added). The amended complaint alleges, under Count II, "By stating Scenic View, Inc. (the old company) ceased business in February, [sic] 2007; by stating he has, or had, no officer, partner, or executive position in SVI Themed Construction Solutions, Inc. (SVITCS) (the new company), Debtor has given false representations and false pretenses in violation of 11 U.S.C. § 523(a)." (First Amended Compl. at 10, ¶ 48, attached as Ex. 2 to Motion to Amend, Case No. 07-AP-01058, Dkt. No. 58). Regis mischaracterizes the nature of a § 523(a) claim. A § 523(a) claim excepts from discharge a debt that was procured through fraud on the part of a debtor. Regis' allegations in Count II pertain to statements Oien allegedly made at the meeting of the creditors for his bankruptcy case. The amended complaint does not provide any facts or allegations concerning the circumstances of how Oien originally became indebted to Regis or if that debt, or a debt to any other creditor, was procured by any type of fraud or misrepresentation. Therefore, Count II does not meet the pleading standard of Fed. R. Civ. P. 9(b) which requires that allegations of fraud be pled with specificity. As such, the amendment would be futile and leave to amend Count II is denied.

## IV. CONCLUSION

For the reasons stated above, Regis' motion for leave to amend its complaint is granted as to Counts I and III of the proposed amended complaint against Oien only; the motion is denied as to the remaining counts and the additional defendants.

DATED: April 24, 2009                              ENTER: *Jacqueline P. Cox,*

                                                    __J.P. Cox__
                                                    Jacqueline P. Cox
                                                    United States Bankruptcy Judge